## Ahl *versus* Gleim.

1. Laws to levy taxes to pay bounties to volunteers are binding; Spear *v.* School Directors of Blairsville, 14 Wright 150, affirmed.

2. The property of non-residents of a township is taxable under the provisions of the acts to levy such taxes by the corporate authorities of boroughs and townships.

ERROR to the Court of Common Pleas of *Cumberland county.*

This was an amicable action and case stated, between Carey W. Ahl and Michael Gleim and Ephraim Shelley, collectors of South Middleton township, Cumberland county. Ahl and his family resided in Carlisle, but he had property in South Middleton township; none of his relations subject to draft resided in the township. The questions submitted to the court were :—

1. Is the Act of Assembly authorizing the levy and collection of taxes by the corporate authorities of townships and boroughs, to pay bounties to volunteers, constitutional ?

2. Is the property of non-residents of a township taxable under the provisions of said act ?

If the court should be of opinion in the affirmative, judgment to be entered for the plaintiff, for $2262.59, the amount of the tax; if otherwise, judgment to be entered for the defendant.

The court (Graham, P. J.) decided both questions with the plaintiff, delivering the following opinion :—

"The first question has been before the Supreme Court of Pennsylvania, and the constitutionality of the Bounty Act affirmed. This is conclusive, and the question requires no further examination.

"The second question I consider equally plain. The act subjects to taxation all property taxable for state or county purposes. Residence in the particular township or district, when the tax is

[Ahl *v.* Gleim.]

upon real estate, is not required or contemplated. If it was, taxation by the wealthy landed proprietors would be easily avoided by a removal from the district where the land was situated, and the object of the act would be entirely frustrated. Nor is there anything unjust or inequitable in taxing real estate of non-residents. If the Union is worth preserving—if its preservation contributes to the happiness and prosperity of the people—those who have large possessions have the greatest interest at stake, and derive the greatest benefit from its preservation and perpetuity. And this is the principle upon which all taxation is levied—national, state, county and township; all are required to contribute in proportion to their ability, and the protection afforded them by law in their personal rights, both absolute and relative. In protecting these persons from wrong, and enabling them to acquire and enjoy private property, the same power which imposed the tax defendant resists, conferred upon him the privilege of holding and enjoying the very property upon which he deems it unjust to pay taxes for the preservation of the government under which he lives, and enjoys all the blessings which wealth and affluence can confer. All who enjoy the benefit and protection of government are bound to contribute their due proportion to the preservation of law and order; to protect their private acquisitions from pillage, rapine and destruction, as well by the hands of rebel insurgents as by the hand of burglar or incendiary. The difference is, treason and insurrection can only be subdued and vanquished by the armed power of the nation, while the community is protected from the depredations of the burglar and incendiary through the medium of courts of justice. But in both cases the law demands that every citizen shall contribute to the general welfare in proportion to his ability, and the acquisitions which are enjoyed under its provisions, guardianship and protection."

The paper-book of plaintiff in error was unsigned: it cited Const. of Penna., art. 11, §§ 1, 2, 3; Prigg *v.* Commonwealth, 16 Pet. 608; Const. of U. S., art. 1, §§ 8–10; Story on Const., §§ 435, 436, 445–447; Sturges *v.* Crowninshield, 4 Wheat. 122–192, 193; Gibbons *v.* Ogden, 9 Id. 1–198; Comm'th. *v.* Maxwell, 3 Casey 444; Houston *v.* Moore, 5 Wheat. 51; s. c. 3 S. & R. 169.

*J. W. Gillelen & W. M. Penrose*, for defendants in error, cited Booth *v.* Woodbury, 32 Conn., per Butler, J.; 1 Hollister's Hist. of Conn. 88; 2 Id. 147; Cothren's Hist. of Woodbury 188; 2 Kent's Com. 271; De Tocqueville's Democ. 40; Hitchcock *v.* Litchfield, 1 Root 206.

The opinion was delivered June 1st 1866.

2 P. F. SMITH—28

[Ahl *v.* Gleim.]

PER CURIAM.—In the case of Spear *v.* School Directors *et al.* of Blairsville, decided last year but not yet reported, we had the benefit of an able and exhaustive argument against the validity of the Bounty Law of 1864, by two of the most eminent jurists of this state, both of whom were formerly chief justices of this court. The opinion of the majority had the unqualified assent of the three judges uniting in the decision, and we now have before us a copy of the opinion of Butler, J., in the case of Booth *v.* Woodbury, decided in Connecticut, and to be found in the American Law Register for February 1866, ably sustaining the same view of the powers of the legislature. Under these circumstances, finding nothing new or forcible in the anonymous argument furnished in the paper-book of the appellant, we are not constrained by any motive of public interest, sound reason or patriotism, to recall a decision upon which so many valuable securities now passed into the channels of business must depend. It is not deemed worth while to rescue the opinion itself from criticisms upon detached sentences and isolated expressions.

Upon the second ground the opinion of the learned judge of the court below sufficiently vindicates itself.

The judgment is therefore affirmed.

WOODWARD, C. J., and THOMPSON, J., dissented.